# Elizabeth Logan, Plff. in Err., *v.* Franklin Friedline.

In determining the accuracy of a charge to a jury, a particular sentence is to be judged not independently, but with the context.

To enable a tenant in common in possession to acquire title by limitation against his cotenants out of possession, his possession must be intended to be in exclusion of the cotenants, with a view to gaining title by adverse possession, and so held for twenty-one years.

Whether the possession in a given case was such and so held is a question for the jury.

An assignment of error which specifies the admission of evidence not excepted to, and fails to set forth the evidence, as required by rule 8 of the supreme court, will not be considered.

(Argued May 9, 1888. Decided May 21, 1888.)

July Term, 1888, No. 18, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Somerset County to review a judgment on a verdict for the defendant, in an action of ejectment, November Term, 1883, No. 197. Affirmed.

The facts as they appeared at the trial were stated in the charge, which was as follows:

The plaintiff, Elizabeth Logan, has shown title to the one fifth of the land named in the writ and is entitled to recover, unless the defendant has satisfactorily shown title in himself by adverse possession. He does not claim to hold against the one fifth claimed by plaintiff by deed. The adverse possession which will by the statute of limitations become a complete title must be shown to have been open, actual, visible, exclusive, hostile, and notorious; and it must be shown to have been continuous and uninterrupted.

Under the evidence admitted by the court, it appears that

NOTE.—The mere possession by one tenant in common of the joint property and the receipt of the rents does not constitute adverse possession. Stull v. Stull, 197 Pa. 243, 47 Atl. 240; Velott v. Lewis, 102 Pa. 326; Tulloch v. Worrall, 49 Pa. 133. A presumption exists that the holding by one is for all. Berg v. McClafferty, 21 W. N. C. 547. But the fact that the holding was adverse may be shown. Lodge v. Patterson, 3 Watts, 74, 27 Am. Dec. 335; Mason v. Ammon, 117 Pa. 127, 11 Atl. 449.

Daniel Pile purchased from Daniel Flick and John Neff the interest of three of the heirs, there being five in all, for $200; paid all the purchase money coming to Flick, and a part of that coming to Neff, and Neff and Hugus. It also appears that at the time of purchase he occupied the premises under a lease from Daniel Flick, administrator of Catharine Lint, and that the interests sold by Neff and Flick while Pile was in possession was that of three of the children of Mrs. Lint, in whom the legal title at her decease was. By the purchase of these interests Daniel Pile became a tenant in common.

As to tenants in common, the rule of law is that the possession of one tenant in common is the possession of all the tenants in common—and it is not presumed to be adverse and hostile.

But notwithstanding this rule a tenant in common may be disseised by his cotenant actually ousting or holding heirs out of possession under a claim of an exclusive right of possession, and a denial of the right of the cotenant. The mere separate occupancy of the premises, even for more than twenty-one years, would not of itself affect the rights of the other tenants in common. To be effective against the cotenants not in actual possession, it must be a possession by the one in possession intended to be exclusion of him or her out of actual possession, with a view of gaining title by adverse possession; and so held with view of gaining title by adverse possession for a period of twenty-one years.

[Whether the possession in this case was such, and was so held to gain title by adverse possession, you will determine from the evidence.] [1]

To illustrate: If a father dies leaving several children, and all leave home but one, who remains in possession and continues to occupy and manage it for even more than twenty-one years, by this alone he would not acquire title, because nothing appears to show it was adverse or hostile.

But if, during such holding, he disseises his tenants in common, then twenty-one years' advance possession as defined would give title, for as we have already said a tenant in common may be disseised by his cotenant actually ousting or holding him out of possession under a claim of an exclusive right of possession, and a denial of his cotenant's right. Something more than mere occupancy and receiving of profits and payment of taxes for a period of twenty-one years must be shown. But open and

exclusive possession may be so long continued as to be evidence of an original ouster, a putting out of possession.

To illustrate: In a case where there was actual and exclusive possession for sixty years without accounting for profits, it was held the holding might be found by the jury, under all the circumstances, to be adverse.

In the case on trial possession began in 1847 and suit was brought in November, 1883. Possession was therefore held for thirty-six years, and, if the evidence is believed, improvements were made and taxes paid, and no evidence appears that he at any time accounted for any fractional part of rent. It is therefore for the jury to determine whether the holding of possession originally taken by Daniel Pile—even if he purchased from Neff and Flick, the holders of three shares of the Lint children— was a claim of an exclusive right of possession, and adverse and hostile to the rights of his cotenant, Mrs. Logan.

The plaintiff shows that at the death of her mother, Catharine Lint, the present plaintiff, who was then entitled to one fifth of the lot, was a married woman, and also shows that her husband only died in 1875, and therefore that, under the act of 1785, she could bring suit at any time within ten years thereafter.

But in 1856 a new law was passed, and this enlarged the statutory power from twenty-one in the building case to thirty years in cases where at the time the right of entry occurred the party was laboring under a disability.

To make out hostile possession, therefore, in this case, the defendant must show that he and those under whom he holds held by actual, exclusive, continued, open, hostile, and adverse possession intended to be to the exclusion of the person out of possession with a view of gaining title by adverse possession for a period of thirty years before suit was brought.

If he has so established adverse possession, the verdict should be for the defendant. If he has not, it should be for the plaintiff for one fifth of the land in dispute.

Verdict and judgment were for the defendant.

The assignments of error specified: (1) The portion of the charge inclosed in brackets; (2) that the court erred in admitting testimony on the part of the defendant in error of the improvements made by Pile, for the reason that title to real estate cannot be gained by making improvements, however valuable

they may be; and (3) that it was error on the part of the court to say to the jury: "Under all the evidence in the case the verdict must be for the defendant," which was so rendered.

No exception was taken to the admission of the evidence mentioned in the second assignment of error. The language imputed to the court in the third assignment was in reality a point submitted by the defendant and refused by the court.

*Hugus & Baer* for plaintiff in error.

*Coffroth & Ruppel* and *Valentine Hay* for defendant in error.

PER CURIAM:

If the single sentence from the charge of the court below, referred to in the first assignment of error, had been accompanied by what immediately preceded and followed it, there could hardly have been a pretense that it was error. The charge as a whole is free from objection. The second assignment is not in accordance with the rules of court. The third apears to be based upon an error. It is alleged in defendant's paper book, and was so stated at bar, that the language imputed to the court was in reality one of the points submitted by counsel and refused. The charge fairly left the case to the jury.

Judgment affirmed.